IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00997-GPG-NRN

SEAN JOHNSON,

Plaintiff,

v.

JEFFERSON COUNTY,
MONICA JARRELL, NP,
MICHELLE T. BARRON, MD,
DR. JOHN J. ARCHARD, MD,
CAROLINE RYAN, LPN,
LAVINA M. BUSBY, LPN,
TRAVIS OLSEN,
SERGEANT JOHN SIMMONS,
COMMANDER JOHN PARR,
COMMANDER JOHN HOLLOWAY,
DEPUTY JOHN MANZO,
MARSHALL MCCURDY,
WILLIAM GEORGE, and
DEPUTY/WATCH SUPERVISOR DOES 1-6,

Defendants.

---

**REPORT AND RECOMMENDATION ON**
**COUNTY DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**
**(ECF No. 19)**

---

**N. Reid Neureiter**
**United States Magistrate Judge**

This prisoner civil rights case is before the Court pursuant to an Order issued by Judge Gordon P. Gallagher, ECF No. 20, referring Defendants Board of County Commissioners of Jefferson County (the "Board"), Deputy Sheriff Travis Olson, Sergeant Charlie Simmons, Commander Luke Parr, Commander Joe Holloway, and former Deputy Sheriff Arturo Manzo's (the "Sheriff Employees," collectively, the "County

Defendants") Motion to Dismiss the Amended Complaint ("Motion to Dismiss"), ECF No. 19. Plaintiff Sean Johnson filed a response to the Motion to Dismiss on June 24, 2026, ECF No. 24, and the County Defendants filed a reply on June 29, 2026, ECF No. 25. The Court heard oral arguments on the Motion to Dismiss and took it under advisement. ECF No. 26. The Court has taken judicial notice of the case file, considered the applicable federal and state statutes and case law, and **RECOMMENDS** that the Motion to Dismiss be **GRANTED**.

## I. BACKGROUND[1]

Mr. Johnson was detained in Jefferson County Jail ("JCJ") from June 22, 2023 until January 11, 2024, when he was transferred to the custody of the Colorado Department of Corrections ("CDOC"). He has "a serious spinal condition, chronic pain, and disability-related mobility limitations, and a need for pressure relief, cushioning, and accommodation." ECF No. 17 ¶ 3. Accordingly, when he arrived at JCJ , Mr. Johnson requested a second mattress and cushioned shoes. *Id.* ¶¶ 3–4. Despite having a note from a physical therapist stating that Mr. Johnson required these accommodations, his requests were repeatedly denied. *Id.* ¶¶ 8–12. On the occasions where deputies would give Mr. Johnson an extra mattress, other deputies and supervisors would remove them. *Id.* ¶ 14. Mr. Johnson claims he was retaliated against for filing numerous grievances regarding the lack of accommodations. *Id.* ¶¶ 28–30. He also alleges that,

[1] Unless otherwise noted, all factual allegations are taken from Plaintiff's Amended Complaint, ECF No. 17, and are presumed to be true for the purposes of the motion to dismiss. All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

when he was transferred from JCJ to CDOC, Defendants McCurdy and George[2] failed to indicate on his transfer paperwork that Mr. Johnson had a medical condition requiring accommodations. Mr. Johnson claims that he suffered worsening medical conditions during both JCJ and CDOC confinement because of the inadequate treatment at JCJ.

Mr. Johnson asserts claims under 42 U.S.C. § 1983 for First, Eighth, and Fourteenth Amendment violations; Title II of the Americans with Disabilities Act ("ADA"); and Section 504 of the Rehabilitation Act ("§ 504"). He asks for undetermined compensatory and punitive damages, declaratory relief, and recovery of undetermined costs.

The County Defendants move to dismiss all claims.

## II. LEGAL STANDARDS

### a. Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The Court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194,1201 (10th Cir. 2003) (quotation omitted). "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain

---

[2] Defendants McCurdy and George have not been served nor have they waived service. *See* ECF No. 11 at 2.

sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id*. at 679. Second, the court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

### b. Pro Se Plaintiff

The Court must construe the Complaint and other papers filed by Mr. Johnson liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110; *Craig v. McCollum*, 590 F. App'x 723, 726 (10th Cir. 2014) ("Our liberal construction of pro se petitions does not exempt them from the rules of procedure binding the petitions of other litigants.") (citation omitted).

## III. ANALYSIS

### a. The Board as a Proper Party

The County Defendants point out that the Board is not responsible for JCJ's operations, the Jefferson County Sheriff's Office ("JCSO") is. And, under Colorado law,

the county sheriff is a separate and distinct position from the Board of County Commissioners. *See Terry v. Sullivan*, 58 P.3d 1098, 1102 (Colo. App. 2002) ("[T]he Board [of County Commissioners] does not exercise managerial control over either the sheriff or the detention center and its staff."); Colo. Rev. Stat. § 30-10-511 ("[T]he sheriff shall have charge and custody of the jails of the county, and of the prisoners in the jails, and shall supervise them himself or herself through a deputy or jailer.").

The Court agrees that the Board is not a proper party because Mr. Johnson only alleges misconduct on the part of JCSO employees working at JCJ. Without more, such misconduct cannot be attributed to Jefferson County, and Mr. Johnson's claims against the Board should be dismissed.

**b. Statute of Limitations**

The County Defendants argue that Mr. Johnson's claims are barred by the statute of limitations. ECF No. 19 at 5. The County Defendants state that Mr. Johnson was aware of his injury no later than January 11, 2024, when he was transferred out of JCJ, and that Mr. Johnson's complaint must therefore be dismissed as facially untimely. *See Dummar v. Lummis*, 543 F.3d 614, 619 (10th Cir. 2008) (the issue of timeliness may be resolved on a motion to dismiss if the untimeliness of the complaint is apparent on its face); *Haney v. Fed. Nat'l Mortg. Ass'n*, No. 16-cv-01296-PAB-STV, 2017 WL 1404103, at *7 (D. Colo. Mar. 9, 2017). The Court agrees.[3]

---

[3] The Court notes that the statute of limitations may not bar Mr. Johnson's claims regarding Defendants McCurdy and George's alleged omissions or misstatements in Mr. Johnson's transfer paperwork. However, these Defendants have not been served and have not filed a response. *See* ECF No. 11 at 2 (noting that the unserved Defendants, including McCurdy and George, are not JCSO employees). Therefore, the Court focuses its analysis only on what happened while Mr. Johnson was detained at the JCJ.

The statute of limitations for § 1983 claims is set by the law of the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The governing statute of limitations for § 1983 claims in Colorado is two years. *See* Colo. Rev. Stat. § 13-80-102(1)(g) (any action "upon liability created by federal statute where no period of limitation is provided in said federal statute" must be "commenced within two years"); *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) ("We have made clear that the statute of limitations for § 1983 actions brought in Colorado is two years from the time the cause of action accrued."). ADA and § 504 claims arising in Colorado are also subject to a two-year statute of limitations. *See Chavez-Bravo v. Brighton Sch. Dist. 27J*, 775 F. Supp. 3d 1142, 1150 (D. Colo. 2025) (applying Colorado's general two-year statute of limitations to claims for violation of the ADA and Rehabilitation Act).

The date of accrual for § 1983 claims is a question of federal law, *Wallace*, 549 U.S. at 388, which provides that a civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998). Because the injury in a § 1983 case is the violation of a constitutional right, a § 1983 claim accrues "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Smith*, 149 F.3d at 1154 (citations omitted); *see also Fogle*, 435 F.3d at 1258. "The test is an objective one, with the focus 'on whether the plaintiff knew of facts that would put a reasonable person on notice that wrongful conduct caused the harm.'" *Onyx Props. LLC v. Bd. of Cnty. Comm'rs. Of Elbert Cnty.*, 868 F. Supp.2d 1164, 1169 (D. Colo. 2012) (quoting *Alexander v. Oklahoma*, 382 F.3d 1206,1216 (10th Cir. 2004)). "Importantly, a civil rights claim accrues when the *facts* necessary for each element of the claim are known

or reasonably knowable to the plaintiff . . . even if she did not and could not know that a violation of the *law* has occurred." *Vasquez-Garcia v. Centurion*, *LLC*, 172 F.4th 1150, 1158 (10th Cir. 2026).

Similarly, the accrual date for ADA claims is the date when the plaintiff "reasonably should have known of any deficiencies in . . . treatment at the time he allegedly required such services and did not receive them." *Hughes v. Colo. Dep't of Corr.*, 594 F. Supp. 2d 1226, 1236 (D. Colo. 2009). Because the Rehabilitation Act involves the same substantive standards as the ADA, the accrual date for claims arising under § 504 is the same. *Hamer v. City of Trinidad*, 924 F.3d 1093, 1099 (10th Cir. 2019).

Mr. Johnson filed this lawsuit on March 10, 2026. Therefore, any claim that accrued prior to March 10, 2024 is barred. It is apparent from the Amended Complaint that Mr. Johnson's claims accrued no later than January 11, 2024, when he was transferred from JCJ to CDOC. *See* ECF No. 17 ¶¶ 8–11, 25–26. Based on his own allegations, Mr. Johnson was aware of the effect of jail conditions on his medical condition when, "within the first few weeks" of being in JCJ custody, he requested cushioned shoes "because the standard footwear and jail conditions aggravated his spinal pain." *Id.* ¶ 5. Beginning on August 10, 2023, Mr. Johnson repeatedly tried to show Sheriff Employees a note signed by a physical therapist stating that accommodations would alleviate his "disability-related chronic pain." *Id.* ¶¶ 8–11. Mr. Johnson was aware that Sheriff Employees observed his pain and posture problems and were informed of his disability, but that they nevertheless denied Mr. Johnson's accommodation requests. *Id.* ¶¶ 6–7, 12–14. Indeed, Mr. Johnson "filed many

grievances concerning his pain, disability, accommodations, denied medical care, mattress removals, footwear issues, and worsening condition" while at JCJ. *Id.* ¶ 25. He was transferred out of JCJ on January 11, 2024, meaning the statute of limitations on claims relating to his treatment at that facility ran, at the very latest, on January 12, 2026, approximately two months before this lawsuit was filed. Mr. Johnson's § 1983, ADA, and § 504 claims are therefore time barred unless equitable tolling applies.

Mr. Johnson argues that equitable tolling should apply for any time-barred claims because the County Defendants impeded his ability to bring this lawsuit by failing to produce the entirety of his medical and transfer records and because spinal pain and associated complications "materially interfered with his ability to investigate and prepare suit," ECF No. 17 ¶¶ 55, 59.

Colorado recognizes equitable tolling only in "situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." *Romero v. Lander*, 461 F. App'x 661, 666 (10th Cir. 2012) (quoting *Brodeur v. Am. Home Assurance Co.*, 169 P.3d 139, 149 (Colo. 2007) (en banc)).

> [T]o prove that the statute of limitations was tolled by a defendant's fraudulent concealment, a plaintiff must show that his ignorance of his cause of action was not the result of his lack of diligence, but was due to affirmative acts or active deception by the [d]efendant to conceal the facts giving rise to the claim.

*Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994). Specifically, the plaintiff must demonstrate:

> (1) the concealment of a material existing fact that in equity and good conscience should be disclosed; (2) knowledge on the part of the party against whom the claim is asserted that such a fact is being concealed; (3) ignorance of that fact on the part of the one from whom the fact is concealed;

> (4) the intention that the concealment be acted upon; and (5) action on the concealment resulting in damages.

*Onyx Props. LLC*, 868 F. Supp. 2d at 1170 (quoting *First Interstate Bank v. Piper Aircraft Corp*., 744 P.2d 1197, 1200 (Colo. 1987)).

Absent fraudulent concealment by the defendant, extraordinary circumstances may toll the statute of limitations only in cases where the plaintiff has been “truly precluded from bringing a claim.” *Brodeur*, 169 P.3d at 149–150; *see also Dean Witter Reynolds*, 911 P.2d 1094, 1097 (Colo. 1996) (en banc) (extending equitable tolling beyond cases of fraudulent concealment to cases where “extraordinary circumstances make it *impossible* for the plaintiff to file his or her claims within the statutory period”) (emphasis added).

The Court finds that equitable tolling does not apply. Mr. Johnson fails to show that either fraudulent concealment by the County Defendants or extraordinary circumstances prevented him from filing his claims. Notwithstanding any information withheld by the County Defendants, as demonstrated by his own pleadings, Mr. Johnson had actual awareness of his medical conditions and alleged need for accommodations in August 2023, when he repeatedly notified Sheriff Employees of a physical therapy note stating that accommodations would mitigate his “physical stress and disability-related chronic pain.” ECF No. 17 ¶¶ 8–11. Plaintiff was also aware that the County Defendants failed to provide (or provided and then removed) the requested accommodations. *Id.* ¶¶ 12–14. Thus, it is clear that Mr. Johnson knew the factual basis for his claims in 2023. Therefore, his argument that “Jeffco’s repeated failure to produce [grievances and medical records] wrongfully impeded Plaintiff’s ability to identify all responsible actors and fully plead the facts of his claims,” *id.* ¶ 55, is unpersuasive. Mr.

Johnson also alleges that, due to his medical condition, he "could not sit upright long enough to meaningfully research his claims." *Id.* ¶ 60. However, his relative inability to perform legal research does not support equitable tolling. It is knowledge of the *facts* supporting a claim, and not the legal doctrine, that sets the statute of limitations in motion. *Vasquez-Garcia,* 172 F.4th at 1158. Mr. Johnson's inability to perform legal research does not toll the statute of limitations, and his conditions did not otherwise make it "impossible . . . to file [his] claims within the statutory period," *Dean Witter Reynolds*, 911 P.2d at 1097.

## IV. RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that the County Defendants' Motion to Dismiss the Amended Complaint, ECF No. 19, be **GRANTED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148–53 (1985), and also waives appellate review of both factual and legal questions.**

***Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412–13 (10th Cir. 1996).**

Dated at Denver, Colorado this 12th Day of November, 2026.

N. Reid Neureiter
United States Magistrate Judge